■ In the Matter of LEWIS ALLINSON and JULIUS M. GERZOF, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— In a proceeding to discipline respondents (attorneys and counselors at law), based upon six charges (specifications 7A through E and G), of professional misconduct, the Referee to whom the issues were referred, after hearings held from June 22, 1964 through March 26, 1965, has filed a report finding, as to both respondents, that they are guilty of the charge contained in specification A (failing to maintain an escrow account for money received on claims of clients in negligence actions) and that respondent Gerzof, for want of knowledge, is not guilty of the charges

contained in the remaining specifications. The Referee also found respondent Allinson not guilty of the charges save those contained in specifications B (employing laymen to negotiate settlements of negligence cases); D (lending money to clients in negligence cases; and G (submitting in three cases "doctors' exaggerated medical bills with a resultant build-up of the special damages"). Although the Referee has found respondent Allinson also guilty of specification C (paying doctors less than billed amounts on settlement of clients' cases), the Referee does not consider this an act of misconduct. Petitioner moves to confirm the report of the Referee. Respondents cross-move to disaffirm findings of guilt and for dismissal of all charges. With respect to specification A, the evidence shows that no funds of clients and of the respondents were commingled, and that there was an immediate disposition of each settlement check. Under these circumstances, the failure of respondents to maintain the escrow account is not sufficient to warrant discipline. The findings of the Referee as to failure to sustain the remaining charges against respondent Gerzof, for lack of his knowledge, under the circumstances disclosed by the proof, are warranted. The findings of Allinson's guilt by the Referee with respect to Specifications B, C and G are amply supported by the evidence and are sustained. Considering all of the findings upon which respondent has been found guilty of misconduct, but considering also other extenuating circumstances, including the full co-operation of respondent in connection with the investigation of his conduct, we are of the opinion that the suspension of respondent should be limited to one year. The motion of petitioner is granted to the extent indicated. The cross motion of respondents is granted to the extent above indicated and otherwise denied. The proceeding is dismissed as to respondent Gerzof. Respondent Allinson is suspended for a period of one year, effective January 15, 1967. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.